

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*          *973-645-2700*
*Newark, New Jersey 07102*

BC /PL AGR
2020R00248

July 21, 2023

Mr. Stephen J. McCarthy, Esq.
101 Avenue of the Americas
Suite 942
New York, NY 10013

Re:    Plea Agreement with Mitchell E. Green

Dear Mr. McCarthy:

This letter sets forth the plea agreement between your client, Mitchell E. Green ("Green"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on July 28, 2023, if it is not accepted in writing by that date. If Green does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Green to a one-count Information charging him with wire fraud, in violation of Title 18, United States Code, Section 1343 and Section 2. If Green enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Green participating in a scheme from in or around June 2017 through in or around February 2020 to defraud the international liquor company for which he worked first as a consultant and then as an employee.

If a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may initiate any charges against Green even if the applicable statute of limitations period for those charges expires after

Green signs this agreement, and Green agrees not to assert that any such charges are time-barred.

<u>Sentencing</u>

The violation of 18 U.S.C. § 1343 charged in the Information carries a statutory maximum prison sentence of 20 years, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any loss sustained by any victims of the offense.

Fines imposed by the sentencing judge on this charge may be subject to the payment of interest.

The sentence to be imposed upon Green is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Green ultimately will receive.

Further, in addition to imposing any other penalty on Green, the sentencing judge as part of the sentence:

(1)     will order Green to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     must order Green to pay restitution pursuant to 18 U.S.C. § 3663 *et seq*;

(3)     may order Green, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4)     must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461;

(5)     pursuant to 18 U.S.C. § 3583, may require Green to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Green be placed on a term of supervised release and subsequently violate any of

- 2 -

the conditions of supervised release before the expiration of its term, Green may be sentenced to not more than two years' imprisonment per count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A and/or Victim and Witness Protection Act, 18 U.S.C. § 3663, Green agrees to pay full restitution to the victims of the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount of $2,185,000 to fully compensate the victims for the losses sustained as a result of Green's offense.

Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), Green agrees to forfeit to the United States all of his right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds Green obtained that are traceable to the offense charged in the Information. Green further agrees that the aggregate value of such property was $2,185,000; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained by Green, in an amount not to exceed $2,185,000 (the "Money Judgment"). Green consents to the entry of an order requiring his to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to Green prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the *United States Marshals Serv*ice, indicating Green's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. Green further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Green waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Green understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise his of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Green waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of Green's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon his in addition to forfeiture.

Green further agrees that no later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Green fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Green has intentionally failed to disclose assets on his Financial Disclosure Statement, Green agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

<u>Rights of This Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Green by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Green's activities and relevant conduct with respect to this case.

<u>Stipulations</u>

This Office and Green will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may

reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Green waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Green understands that, if he is not a citizen of the United States, Green's guilty plea to the charged offense will likely result in Green being subject to immigration proceedings and removed from the United States by making Green deportable, excludable, or inadmissible, or ending Green's naturalization. Green understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Green wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Green's s removal from the United States. Green understands that he is bound by this guilty plea regardless of any immigration consequences. Accordingly, Green waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Green also agrees not to seek to withdraw his guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

<u>Other Provisions</u>

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Green. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Green from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between Green and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

*/s/ Blake Coppotelli*
By: Blake Coppotelli
Assistant U.S. Attorney

APPROVED:

_____
Joshua L. Haber
Chief, Economic Crimes Unit

I have received this letter from my attorney, Stephen J. McCarthy, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_Mitchell Green_____     Date:     8/1/23
Mitchell E. Green


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date:     8/1/23
Stephen J. McCarthy, Esq.
Counsel for Defendant

**Plea Agreement with**
**Mitchell E. Green ("Green")**

**Schedule A**

1.    This Office and Green recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.    The version of the United States Sentencing Guidelines effective November 1, 2021 applies in this case.

3.    The applicable guideline is U.S.S.G. § 2B1.1. This guideline carries a Base Offense Level of 7.

4.    The actual loss involved in the offense charged in Count One exceeded $1,500,000 but did not exceed $2,5000,000, which results in a 16-level increase pursuant to U.S.S.G. § 2B1.1(b)(1)(I).

5.    The total Guidelines offense level for Count One is therefore 23.

**Acceptance of Responsibility and Plea**

6.    As of the date of this letter, Green has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Green's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

7.    As of the date of this letter, Green has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Green's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Green enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Green's acceptance of responsibility has continued through the date of sentencing and Green therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Green's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8.      In accordance with the above, the parties agree that the total Guidelines offense level applicable to Green is 20 (the "agreed total Guidelines offense level").

## Additional Stipulations

9.      Each party agrees not to advocate for any upward or downward departure or adjustment, or variance not set forth herein.

10.     If the term of imprisonment does not exceed 41 months, and except as specified in the next paragraph below, Green will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 33 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11.     Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement.  Moreover, the preceding paragraph does not apply to:

(a)     Any proceeding to revoke the term of supervised release.

(b)     A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)     An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).