

## U.S. Department of Justice

**United States Attorney's Office**
**District of New Jersey**

---

*970 Broad Street, 7ᵗʰ floor*
*973-645-2700  Newark, New Jersey 07102*

February 9, 2026

**VIA ECF**

Hon. Michael E. Farbiarz
United States District Judge
District of New Jersey
Frank Lautenberg Post Office & U.S.
Courthouse
Newark, New Jersey 07102

       Re:    *United States v. Green*, Crim. No. 23-743

Dear Judge Farbiarz:

The United States respectfully submits this letter pursuant to the Court's February 3, 2026 Order in further reply to defendant Mitchell E. Green's January 27, 2026 sentencing submission. As set forth below, the United States objects to Green's breach of his plea agreement with the United States by seeking a noncustodial sentence of 12 months' home confinement, which is a significant downward variance from the 27- to 33-month Guideline range that the parties and U.S Probation agree applies here. If this Court finds that Green breached the plea agreement, the United States asks that this Court order specific performance of the plea agreement by disregarding Green's request for a downward variance, and set a new date for sentencing as soon as practicable.

## I.  Background

On August 1, 2023, Green signed a plea agreement, which contained sentencing stipulations. ECF No. 5. at 8-9.  Specifically, the parties agreed to a total Guidelines offense level of 23, pursuant to U.S.S.G. § 2B1.1.  The parties further stipulated that Green was entitled to a two-level downward adjustment for acceptance of personal responsibility under U.S.S.G. § 3E1.1(a), and that this Office would move for an additional one-point adjustment in Green's offense level at sentencing pursuant to U.S.S.G. § 3E1.1(b) if the conditions set forth in paragraph 7 of Schedule A of the plea agreement were met.  ECF No. 5 at 8 ¶¶ 3-7.  The parties

then stipulated that "[i]n accordance with the above, the parties agree that the total Guidelines offense level applicable to Green is 20 (the "agreed total Guidelines offense level")." *Id.* at 9 ¶ 8. In the paragraph *immediately following* the stipulation as to the agreed total Guidelines offense level, the parties expressly stipulated that **"[e]ach party agrees not to advocate for any upward or downward departure or adjustment, or variance not set forth herein."** *Id.* at 9 ¶ 9 (emphasis added). The plea agreement set forth no other departures, adjustments, or variances.

Three months after Green signed the plea agreement, the Sentencing Commission adopted U.S.S.G. § 4C1.1, and the parties entered into a sentencing agreement dated January 27, 2026, pursuant to which the United States has agreed not to oppose a two-level adjustment under this provision if the Court finds at sentencing that the applicable criteria are met. As a result, the final PSR, the United States' January 27, 2026 sentencing memorandum, and Green's January 27. 2026 sentencing memorandum agreed that a total Guidelines offense level of 18, with a corresponding Guideline range of 27 to 33 months' imprisonment, applied.

Consistent with the parties' plea agreement, the United States submitted a sentencing memorandum which did not seek any upward "departure or adjustment, or variance not set forth" in the plea agreement. ECF No. 5 at 9 ¶9. Rather, it advocated for a sentence within the agreed-upon Guideline range.

## II.    Green Breached the Sentencing Agreement

In his January 27, 2026 sentencing submission, Green surprisingly asked for a sentence of "twelve (12) months of home confinement, to be followed by two (2) years of Supervised Release…." Def. Memo. at 2. Green also asserted that if he "is not in custody, but working, he can make a more immediate start of that repayment" of the "money stolen" by Green. *Id.* at 4. According to Green, a non-custodial sentence is warranted based on what he describes as "significant Cooperation to the Government without receiving a §5K1.1 motion made on his behalf." *Id.* at 2. However, the United States and Green never signed a cooperation agreement, and the United States has not moved for a downward departure under U.S.S.G. § 5K1.1, nor does it intend to. Green further asserts that an analysis of the 18 U.S.C § 3553(a) factors supports a non-custodial sentence. *Id.* at 4.

The plain, straightforward text of the plea agreement prohibits Green from seeking any downward "departure or adjustment or variance" below the bottom of the 27- to 33-month range. Consequently, Green may not seek a sentence of anything below 27 months, including a non-custodial sentence. It matters not whether the request is framed as a departure under §5K1.1 or a variance under the § 3553(a) factors; the plea agreement precludes it.

Third Circuit precedent confirms this common-sense reading. "Under contract principles, a plea agreement necessarily 'works both ways. Not only must the government comply with its terms and conditions, but so must the defendant.'" *United States v. Williams*, 510 F.3d 416, 422 (3d Cir. 2007) (quoting *United States v. Carrara*, 49 F.3d 105, 107 (3d Cir. 1995)) (cleaned up). When a defendant stipulates to a point in a plea agreement, he "is not in a position to make . . . arguments to the contrary." *Williams*, 510 F.3d at 422 (quoting *United States v. Melendez*, 55 F.3d 130, 136 (3d Cir. 1995)) (cleaned up); *see also United States v. Cianci*, 154 F.3d 106, 110 (3d Cir. 1998) ("Under the law of this circuit, [a defendant] cannot renege on his agreement.").

And a defendant may not breach a plea agreement under the pretense of merely presenting a sentencing argument directed to the § 3553(a) factors. In *United States v. Yusuf*, the Third Circuit vacated two sentences in a case where the plea agreements stated that "neither party will argue for the imposition of a sentence outside the guidelines range that results from the agreed total guidelines offense level" and the parties agreed "not to seek or argue for any upward or downward departure, adjustment or variance." 993 F.3d 167, 174, 183 (3d Cir. 2021). One defendant asked the court to impose "a sentence of no jail time." *Id.* at 178. Because that request was "indisputably below the agreed-upon guidelines range," there was a breach. *Id.* While the defendant claimed "he did not violate the plea agreement because he simply encouraged the Court to apply the § 3553(a) factors as permitted under Federal Rule of Criminal Procedure 32(i)," the Third Circuit dismissed "[t]hat argument as wholly unpersuasive." *Id.* The second defendant told the court that the low end of the Guidelines would be grossly disproportionate. *Id.* at 179. The Third Circuit found that argument (which was *much less explicit* than Green's argument) was a breach of the plea agreement because it suggested "the bottom of the guidelines range was therefore too long a sentence." *Id.* at 181; *see also United States v. Kang*, 2022 WL 4376072, at *3 (3d Cir. Sept. 22, 2022) (not precedential) (defense brief referencing potential downward variance based on psychological evaluation was breach). The same result follows here, where Green breached the plea agreement in a similarly (if not more) egregious fashion.

Nothing in the plea agreement permits Green to advocate for a non-custodial sentence, or *any* sentence below 27 months' imprisonment.  Indeed, the lack of support for Green's position was made clear at the February 3, 2026 status conference, where defense counsel pointed to language in the plea agreement providing that if the **United States Attorney's Office for the District of New Jersey** obtains evidence or information that materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind **the Office**.  ECF No. 5 at 5 (emphasis added).  That language confers no right or benefit on Green.  First, the United States has not "obtain[ed] evidence or other information that materially conflicts with a Schedule A stipulation," ECF No. 5 at 5. Second, there is no

cooperation agreement between the parties, and the United States is not moving pursuant to § 5K1.1. Nothing permits Green to seek a sentence outside of the Guidelines range that the parties negotiated for in entering into the plea agreement.

Were the Government to argue for a sentence above 33 months, the top of the agreed-upon range, Green would no doubt object on the basis that the plea agreement prohibits the United States from seeking an upward departure or variance. And that objection would be appropriate: both the United States and Green are bound by the terms of the plea agreement, and both are therefore bound to argue for a sentence in accordance with the stipulations in Attachment A. As acknowledged by the plea agreement, this Court is not bound by the parties' stipulations, but the parties themselves certainly are, and Green has breached the agreement by failing to adhere to the stipulation that neither party shall seek a departure or variance.

The United States respectfully asks that this Court find Green breached his plea agreement. Should this Court agree, the United States anticipates asking this Court to order "specific performance at the hands of the defendant's breach" of the plea agreement. *Yusuf*, 993 F.3d at 181. But the United States respectfully reserves its right to amend its position on the appropriate remedy as the litigation unfolds. Here, specific performance means sentencing "under the terms of the executed" agreement. *Id.* The United States believes this Court is readily able to set aside the offending portions of Green's sentencing memorandum, and there is no reason sentencing cannot proceed promptly before this Court.[1]

Respectfully submitted,

TODD BLANCHE
U.S. Deputy Attorney General

PHILIP LAMPARELLO
Senior Counsel

/s/ Jennifer S. Kozar
Jennifer S. Kozar
Assistant U.S. Attorney

cc:    Stephen G. McCarthy, Jr., Esq., Counsel for Defendant
        Kimberly Marin, U.S. Probation Officer

---

[1] Sentencing before a different district court judge is not appropriate here where this Court has not yet conducted a sentencing hearing. *See Yusuf*, 993 F.3d at 181-182.